## INGHAM ET ALS. vs. THOMAS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where a judgment is taken by default and afterwards confirmed, the right of mortgage grows out of the final judgment, and does not revert to the date of the judgment by default.

Every conveyance of property is null and void, which the creditor takes from his debtor, knowing him to be in insolvent circumstances, and by which the debt is secured and an advantage gained over other creditors.

A conveyance of property is null when made to a third person by the insolvent's vendor, in consequence of a payment theretofore made by the insolvent to the vendor. The syndic alone is entitled to recover the property which the insolvent has conveyed in fraud of the rights of his creditors

The facts of this case are stated in the opinion of the court, delivered by PORTER, J.

This action is brought jointly by some of the creditors of an insolvent, and his syndic, to set aside conveyances of slaves which their debtor made to the defendant. All the plaintiffs allege that the agreement gave to the defendant an illegal preference, and the creditors on their own behalf assert that they have a judicial mortgage on the property now sued for, and they demand that it may be made subject to their lien.

The answer put at issue all the material allegations in the petition. There was judgment for the plaintiff, and the defendant appealed.

The first question relates to the right of mortgage claimed by the creditors. They aver it grew out of a judgment by default, which was previous to the sale to defendant, and that the final judgment related back to the day, that by default was given. We are of a different opinion, but it is unnecessary to enter into the question particularly, for there is no evidence before us that the final judgment was recorded in the office of mortgages previous to the sale to defendant.

On the other point, which relates to the illegal preference given by the insolvent to the defendant, we think the plaintiffs must succeed. It appears from the evidence, that the vendor was in insolvent circumstances at the time of the sale, that the fact was known to the buyer, and that the consideration of the sale was debts due to him. It is true the case is one which presents on the part of the defendant, and as between him and the insolvent, a case of the strongest equity, one in which the indulgence of generous and disinterested feelings has occasioned him to sustain losses to a very large amount. But the law for purposes, which it does not behove us to inquire, has not permitted such considerations to form exceptions to the general rule. It imperatively annuls all agreements, where the creditor know that the debtor is in insolvent circumstances, and takes from him a conveyance, by which a previous debt is secured, and an advantage gained over the creditors. *La. Code*, 1977, 1978, 1979.

*Margin notes:*
Where a judgment is taken by default and afterwards comfirmed, the right of mortgage grows out of the final judgment, and does not revert to the date of the judgment by default.

Every conveyance of property is null and void which the creditor takes from his debtor, knowing him to be in insolvent circumstances, and by which the debt is secured and advantage gained over other creditors.

A conveyance of property is null when made to a third person by the insolvent's vendor, in consequence of a payment theretofore made by the insolvent to the vendor. The syndic alone is entitled to recover the property which the insolvent has conveyed in fraud of the rights of his creditor.

We do not think that the circumstance of the negro Quamly having been conveyed by the insolvent's vendor to the defendant, can authorise a different judgment from that we are called on to give in relation to the other slaves, for that conveyance appears to have been made in consequence of a payment theretofore made by the insolvent to the vendor.

The judgment of the District Court is erroneous in directing that the property be applied to satisfy the judgment of the creditors who sue in this case. It must be surrendered to the syndic of the estate of the insolvent, whether on a distribution of the effects of the estate, the creditors of the firm or those of the individual member who is declared insolvent, shall take the proceeds in a matter not now before us.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the plaintiff Mason, syndic of the estate of J. C. Ryon, do recover of the defendant the slaves mentioned in the petition with costs in the court below, those of appeal to be borne by the appellees.